UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| GAGE WHITTENBERG, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:24-CV-273-TAV-DCP |
| | ) | 3:19-CR-220-TAV-DCP-2 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Gage Whittenberg has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1; Case No. 3:19-cr-220 ("Criminal Case"), Doc. 924].[1] The government responded in opposition [Doc. 7]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 1; Criminal Case, Doc. 924] will be **DENIED**.

**I.  Background**

On February 14, 2022, petitioner pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) (Count 1), conspiracy to distribute 1 kilogram or more of heroin and 400 grams or more of

---

[1] All docket citations refer to the civil case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) (Count 2), conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) (Count 4), and possessing and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 10) [Criminal Case, Docs. 465, 525]. Of note, the superseding indictment listed the offenses in Counts 1 and 2, as well as another charged offense to which petitioner did not plead guilty, as the predicate drug trafficking crimes for purposes of the § 924(c) conviction in Count 10 [Criminal Case, Doc. 23].

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that a sentence of 255 months' imprisonment was the appropriate disposition of this case [Criminal Case, Doc. 465]. The Court ultimately accepted that agreement and sentenced petitioner to a term of 255 months, consisting of 135 months as to Counts 1, 2, and 4, to be served concurrently, and 120 months as to Count 10, to be served consecutively [Criminal Case, Doc. 761].

Petitioner appealed [Criminal Case, Doc. 771]. On appeal, his counsel filed a brief and motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967) [Criminal Case, Doc. 890, p. 1]. The Sixth Circuit granted counsel's motion to withdraw and affirmed petitioner's convictions and sentence [*Id.* at 8].

On June 21, 2024, petitioner filed the instant § 2255 motion [Docs. 1, 2]. Petitioner raises one ground for relief, specifically, that his counsel was ineffective for failing to challenge the § 924(c) charge when it was based on an inchoate offense, conspiracy, as the predicate drug offense [*Id.*].

## II. Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

## III. Analysis

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided

3

effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

Petitioner's argument that counsel was ineffective in failing to challenge the § 924(c) charge in Count 10 of the superseding indictment appears to be based on a misunderstanding of the nature of § 924(c). In his memorandum in support of his s 2255 motion, petitioner discusses at length how the penalties set forth in the substantive offense of § 841(a) apply to a conspiracy offense under § 846 [Doc. 2]. Petitioner contends that § 841 contains a sentencing enhancement if a defendant has a prior conviction for a serious drug felony but does not mention any enhanced penalties regarding possession and discharge of a firearm in furtherance of a drug trafficking crime [*Id.* at 17]. Petitioner

4

frames the issue presented by this case as "if a § 846 conviction is subjected to the penalties of Section 841, and 841(b) does not mention an enhancement provision for possessing a firearm, how then, does an inchoate offense such as conspiracy, become a predicate offense to a § 924(c)(1)(A)(iii) sentencing factor?" [*Id.* at 19]. But § 924(c) is not a sentencing enhancement applied to a defendant's drug offense conviction, it is a separate offense. *See* 18 U.S.C. § 924(c). Thus, the fact that § 841(b) does not mention the penalties for a violation of § 924(c) is irrelevant, as those penalties are not penalties applied as a result of a conviction under § 841 (or, by extension, § 846), but rather, as a result of a separate conviction under § 924(c).

To the extent that petitioner asserts that his conspiracy convictions in Counts 1 and 2 are insufficient to serve as the underlying drug trafficking crime for purposes of § 924(c), petitioner provides no support for such a proposition. And courts within this circuit have concluded that conspiracy convictions under § 846 meet the definition of a "drug trafficking crime" for purposes of § 924(c). *See United States v. Flowers*, No. 1:14-cr-341, 2020 WL 606706, at *2 (N.D. Ohio, Feb. 6, 2020) ("defendant's § 846 conspiracy conviction meets the definition of 'drug trafficking crime' and his § 924(c) penalty was not affected by *Davis*"); *Baugh v. United States*, No. 3:16-cv-2628, 2020 WL 409728, at *4 (M.D. Tenn. Jan. 24, 2020) ("a conspiracy to possess cocaine with intent to distribute still qualifies as a drug-trafficking crime. . .").

Accordingly, the Court finds that petitioner's arguments regarding the validity of his § 924(c) conviction lack merit. And "defense counsel cannot be deemed ineffective for

5

failing to make an argument that would have been futile." *Richardson v. Palmer*, 941 F.3d 838, 857 (6th Cir. 2019) (citing *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000)). Petitioner has, therefore, not established that his counsel performed deficiently, nor that petitioner was prejudiced. His § 2255 motion will be denied.

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1; Case No. 3:19-cr-220 ("Criminal Case"), Doc. 924] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.